IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOCONDA LORELL NIELSON,                    Civ. No. 6:26-cv-00417-AA

        Appellant,                    **OPINION & ORDER**

    v.

KENNETH S. EILER; REINARD
A. POLLMANN; U.S. TRUSTEE
FOR REGION 18,

        Appellees.

_____

AIKEN, District Judge.

This case comes before the Court on a Motion for Stay Pending Appeal filed by Appellant Joconda Lorell Nielson. ECF No. 5. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

### I.    The Bankruptcy Case

On January 3, 2025, Debtor Reinard Pollmann filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in *In re Reinard Adolph Pollmann*, Case No. 25-60008-thp7 in the U.S. Bankruptcy Court for the District of

Oregon.  BK ECF No. 1.  Appellee Kenneth S. Eiler was appointed as Subchapter V Trustee on January 7, 2025.  BK ECF No. 11.

On February 25, 2025, the Bankruptcy Court ordered that Subchapter V designation be removed and ordered a Chapter 11 trustee be appointed.  BK ECF No. 58.  On March 3, 2025, Eiler was appointed as the Chapter 11 Trustee.  BK ECF No. 64.

On January 16, 2026, the State of Oregon moved to convert the Chapter 11 case to Chapter 7 (the "Conversion Motion").  BK ECF No. 223.  On February 17, 2026, the Bankruptcy Court granted the Conversion Motion and converted the Chapter 11 case to Chapter 7 and Eiler was appointed the Chapter 7 Trustee.  BK ECF No. 295.

## II.    The Sale Motions

On December 18 and 24, 2025, Eiler, as then-Chapter 11 Trustee, filed motions seeking to sell certain properties in Newport, Oregon and Florence, Oregon (the "Sale Motions").  BK ECF Nos. 202, 208.  Appellant filed Objections to the Sale Motions, asserting an equitable ownership interest in the properties.  BK ECF Nos. 218, 219.

The Bankruptcy Court held an evidentiary hearing on the Sale Motions on February 11, 2026, and heard closing arguments on February 13, 2026.  BK ECF Nos. 280, 281, 289.  The Bankruptcy Court granted the Sale Motions and issued Orders Approving Sale on February 17, 2026.  BK ECF Nos. 293, 295.

### III.    Appellant's Motions to Stay and Appeal

On February 23, 2026, Appellant filed an Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Order Shortening Time to Stay Sale of Specified Oregon Real Property (the "TRO Motion").  BK ECF No. 302.  On February 27, 2026, the Bankruptcy Court denied the TRO Motion on the basis that injunctive relief may only be granted by adversary proceeding.  BK ECF No. 305.

On February 27, 2026, Appellant filed a Motion to Stay Pending Appeal seeking to stay (1) the conversion of the case to Chapter 7 and (2) the granting of the Sale Motions.  BK ECF No. 309.  At the same time, Appellant filed a Notice of Appeal and election to have the appeal heard in this Court.  BK ECF No. 314.  The Bankruptcy Court denied Appellant's Motion to Stay on March 4, 2026.  BK ECF No. 324; Ex. A to Trustee's Resp., ECF No. 7.

This bankruptcy appeal was docketed in this Court on March 3, 2026.  ECF No. 1.  Appellant appeals the conversion of the case to Chapter 7 and the granting of the Sale Motions.  On March 19, 2026, Appellant filed a Motion for Stay Pending Appeal, seeking to stay the sale of the properties pending the conclusion of the appeal.  ECF No. 5.

### LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8007(b) provides that an appellant may seek a stay of an order of a bankruptcy court pending appeal to the district court.  In determining whether a stay pending appeal is appropriate, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely

to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Mi Familia Vota v. Fontes*, 111 F.4th 976, 980-81 (9th Cir. 2024). The first two factors, success on the merits and irreparable injury, are the "most critical" and "fall on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases," meaning that a strong showing on the other factors may permit a stay to be granted on a showing of "serious legal questions going to the merits." *Id.* at 981 (internal quotation marks and citation omitted). The party seeking the stay bears the burden of showing that a stay is warranted. *Id.* at 981.

## DISCUSSION

Appellant asserts that she has an unrecorded interest in the properties covered by the Sale Motions and seeks to stay the sale of the properties pending resolution of her appeal. Plaintiff asserts that she will be irreparably harmed if the sale of the properties is allowed to go forward while the appeal is pending.

### I.    Success on the Merits

As noted, Appellant asserts that she has unrecorded equitable interests in the properties covered by the Sale Motions. However, as the Bankruptcy Court found in its order denying Appellant's motion to stay, a bankruptcy trustee possesses the rights of a bona fide purchaser of real property. 11 U.S.C. § 544(a)(3). "The powers of a bona fide purchaser of real property are defined by *state* law." *In re Seaway Exp. Corp.*, 912 F.2d 1125, 1128 (9th Cir. 1990) (emphasis in original). Oregon law

provides that a bona fide purchaser's interest is subject only to recorded interests and liens. ORS 93.640(1). The Ninth Circuit has held that "[w]hen a creditor claims an inchoate equitable interest in real property owned by the debtor at the commencement of the case, which interest is not evidenced by a recorded instrument and not yet granted by a state court, the trustee as bona fide purchaser prevails." *In re Seaway Corp*, 912 F.2d at 1128-29. The Bankruptcy Court observed that, on these facts, the bankruptcy trustee has the legal right to sell the properties. This Court concurs and further concludes that Appellant has not shown either a likelihood of success on the merits or serious legal questions going to the merits.

## II.    Irreparable Harm

Appellant asserts that she faces "threatened loss of income, inability to pay bills, interruption of basic necessities, harm to Appellant's home and business operations, impairment of Appellant's ability to continue litigating, and risk that this appeal and related adversary proceedings will be undermined," if the sale of the properties is not stayed. As the Bankruptcy Court and the Trustee observed, however, even if Appellant possesses an equitable interest in the properties, it would be subject to the substantial recorded liens on the properties. The Court concludes that, on this record, Appellant has not demonstrated a sufficient likelihood of irreparable harm.

## III.    Harm to Other Interested Parties and the Public Interest

Because the Court has determined that Appellant has not carried her burden on the questions of success on the merits or irreparable harm, the Court need not

reach the remaining factors. *See Washington v. U.S. Dep't of Educ.*, 167 F.4th 1241, 1245 (9th Cir. 2026) ("The first two factors are the most critical and the court will address the last two factors only once the applicant has satisfied the last two factors." (internal quotation marks and citation omitted, cleaned up)). Nevertheless, the Court concludes that the remaining factors do not favor a stay.

The imposition of a stay on the sale of the property by the bankruptcy trustee, on this record, would negatively affect the other creditors. *See In re Shay*, Case No. CV 17-434 JGB, 2017 WL 8180592, at *4 (C.D. Cal. Feb. 16, 2017) ("[I]mposing a stay will result in potential harm and prejudice to the creditors of the estate due to the delay in administration of the estate, since a stayed sale will also expose the estate to additional costs to secure and maintain the real property for the duration of the appeal." (internal quotation marks and citation omitted)). Here, as the Trustee points out, the recorded liens on the property will continue to accrue, diminishing the assets available to satisfy the other creditors. The Court concludes that this factor likewise weighs against the issuance of a stay.

Finally, the Court concludes that the public interest also weighs against the stay. As the Bankruptcy Court observed, many of the liens on the property are for taxes and it is in the public interest that taxes be collected. The Court concurs and likewise concludes that a stay is not in the public interest.

## CONCLUSION

For the reasons set forth above, Appellant's Motion for Stay Pending Appeal, ECF No. 5, is DENIED.

It is so ORDERED and DATED this ____4th____ day of May 2026.

 /s/Ann Aiken
ANN AIKEN
United States District Judge